JACOBS *vs.* REMSEN, Sheriff, &c.

In an action by an assignee under an assignment for the benefit of creditors, to recover damages for the taking and conversion of property, the defendant justified under an attachment against the assignor, upon which he seized the goods, as sheriff, and a judgment subsequently recovered and execution issued in the attachment suit, by which he held them. *Held* that the defendant had a right to question the good faith of the plaintiff's title, and to show fraud in the assignment under which he claimed.

And that if he could show that the plaintiff had no title, and that he, representing a judgment creditor of the person who had the title, was lawfully in possession of the goods, it would be a complete answer to the action.

That it was, consequently, erroneous to exclude the question of fraud, or good faith, in the assignment, from the consideration of the jury.

ON the 14th day of November, 1859, the plaintiff became possessed of a stock of goods, under an assignment from one Frederick Weichel, and continued in possession until December 9th, 1859, when the defendant took the goods from the plaintiff. The defendant justified the taking, as sheriff of the county of Kings, by virtue of an attachment issued December 9th, 1859, at the suit of Frederick Dreyer against said Weichel, and by an execution upon a judgment *subsequently* obtained in said suit. The action was first tried at the April circuit, 1860, Justice Lott presiding, when the complaint was dismissed, upon the ground that the assignment, upon its face, was fraudulent and void as against creditors. Exceptions were taken by the plaintiff to this decision, which were ordered to be heard, in the first instance, at general term. These exceptions were argued at the May general term, 1860; and, at the next general term thereafter, an order was entered reversing the decision at the circuit, and directing a new trial. A second trial was had at the January circuit, 1861, before Justice SCRUGHAM and a jury.

The plaintiff proved the taking of the goods by the defendant, and the value thereof. He then offered in evidence an assignment from Frederick Weichel to him, in trust for the benefit of creditors, dated November 14th, 1859, and schedule marked No. 1. This was objected to by the defendant's

Jacobs v. Remsen.

counsel, and the objection overruled, and the defendant's counsel excepted. The defendant also objected to the assignment being read, because it appears on its face that it is fraudulent and void against creditors. Objection overruled, and the defendant's counsel excepted. The defendant then offered to prove that there was a judgment and execution against Weichel, entered and issued a few days before the execution and delivery of this assignment, and that at the time of this assignment Weichel was insolvent, and that the assignment covered all of his property liable to execution, and that the plaintiff knew it, and he stated that he offered this proof to show that the assignment was made in fraud of creditors. The plaintiff objected to the admission of the proof for such purpose. Objection sustained, and the defendant's counsel excepted. The defendant then offered in evidence affidavits, in the action of Frederick A. Dreyer vs. Frederick Weichel, defendant, upon which the attachment issued, and undertaking, and the attachment issued thereon, the attachment being that under which the levy was made, and also offered to follow this by proof that on the day of levying the attachment, the defendant Wiechel was in the possession of the property in controversy in this cause, and exercising acts of ownership over it, claiming to own it, and that the plaintiff in this action was not in the actual possession of the property at that time. This was objected to by the plaintiff's counsel, on these grounds: 1st. That Dreyer, the attaching creditor, was not at the time of the levy a judgment ereditor, and that the evidence was immaterial. 2d. That the question of possession was one of law, arising upon facts to be proved. 3d. That the declarations of the assignor, made after the assignment, were not evidence against the assignee, or creditors interested in the assignment. 4th. That the answer set up no such defense. Objection sustained, and the defendant's counsel excepted. The defendant then offered in evidence an attachment issued out of the supreme court, in favor of Frederick A. Dreyer, against Frederick Weichel,

on the 9th of December, 1859, and affidavit &c. on which it was issued. This was objected to, on the ground that an attaching creditor is not in a position to attack the assignment. Objection overruled, so far as to receive this proof as a foundation for evidence that no assignment existed at the time of the levy. Exception taken. The defendant next offered in evidence a judgment roll in the case of Frederick A. Dreyer *vs.* Frederick Weichel, being the same suit in which the attachment was issued. Judgment entered January 18th, 1860, and also execution issued thereon and received by the sheriff on the 18th of January, 1860. This was objected to, on the ground that judgment was obtained and execution issued subsequent to levy, and under the attachment for the taking under which this action is brought. Objection sustained, and the defendant's counsel excepted. The defendant offered certain evidence with a view to show that the assignment made by Weichel to Jacobs on the 14th of November, 1859, was not followed by an immediate and continued change of possession, and that the assignment was made to hinder and delay creditors. The court overruled the question, deciding that the good faith of the assignment could not be attacked in this action; to which ruling and decision the defendant's counsel excepted.

The court thereupon charged the jury, among other things, as follows: That with the question whether the assignment of Weichel to Jacobs was or was not fraudulent as to creditors, the jury had nothing to do. The *bona fides* of that assignment was not before them. The counsel for the defendant asked the judge to charge the jury as follows: "If the jury believed that the assignment in question was not accompanied by an immediate delivery to Jacobs, and followed by an actual and continued change of possession by him of the property assigned, the plaintiff could not recover. That if the jury believed that the indebtedness to Jacobs preferred in the assignment, or any part thereof, was fictitious, the assignment was fraudulent, and the plaintiff could not re-

Jacobs *v.* Remsen.

cover. That if the jury believed that the assignment was made by Weichel, with the intent to hinder, delay or defraud creditors, the plaintiff could not recover." The judge refused so to charge, and the counsel for the defendant excepted.

The jury found a verdict for the plaintiff for $1275. And upon motion of the defendant's counsel, the court thereupon granted the defendant thirty days in which to prepare and serve a case, with exceptions, to be heard in the first instance at the general term, and the judgment in the meantime to be suspended, and the proceedings on the part of the plaintiff to be stayed.

*M. L. Townsend,* for the plaintiff.

*H. C. Van Vorst,* for the defendant.

*By the Court,* EMOTT, J. This case has been before us on a former occasion, on an application by the plaintiff to set aside a nonsuit which was granted at the first trial of the cause at the circuit. The judge before whom the cause was then tried held that the assignment under which the plaintiff claims was void upon its face, and dismissed the complaint. Upon consideration at the general term, however, we were of a different opinion, under the doctrines laid down by the court of appeals in the most recent cases, and the cause was sent back for a new trial. In the opinion delivered on that occasion, the materiality of certain facts and considerations upon the question of an actual fraudulent purpose in the assignor was indicated.(*a*)

At the second trial, the judge who presided refused to permit any evidence to be given of these facts, or of any others bearing upon the good faith of the assignment, and expressly excluded the question of fraud or good faith from the con-

(*a*) The following sentence is probably the one referred to: "The solvency or insolvency of Frederick Weichel, and his pecuniary condition, and whether he had other property at the time he executed the deed of assignment, are material to the principal question involved."

sideration of the jury. The learned judge thus held in conformity to what he supposed to be the doctrine of this court in the two cases of *Hall* v. *Stryker*, (9 *Abb.* 342,) and *Rinchey* v. *Stryker*, (not reported.) In this, however, he fell into an error. The present case is clearly distinguishable from either of those cited. In *Hall* v. *Stryker* no judgment had been recovered, and the whole justification, both in pleading and in evidence, was by an attachment issued at the commencement of a suit against the assignor. We have seen no reason to alter or depart from the views expressed by us in that case, although they have been dissented from by a co-ordinate tribunal in the city of New York, of high character and eminent ability.(*b*) In the case of *Rinchey* v. *Stryker* there had been a judgment recovered since the suit against the sheriff, but it was not set up in the answer, and we held that without being pleaded it could not be proved. The point in that case was a question of pleading only, and the decision was not intended to go beyond the case of *Hall* v. *Stryker*. In the case at bar, the defendant justified, in his answer, under an attachment by which he seized the goods, and a judgment and execution subsequently recovered in the attachment suit, by which he held them. The facts are thus different from the first case cited, and the pleading avoids the difficulty presented in the second.

This is an action to recover damages for the taking and conversion of property. The answer sets up an original taking by attachment, and a subsequent judgment and execution in the attachment suit, with a levy on the property. The judge at the trial excluded the judgment record, and refused to permit the defendant to question the good faith of the plaintiff's title. Even if the first taking could not be justified, the justification of the subsequent holding at the time of the commencement of the suit would be very material in any action, upon the question of damages.

This, however, was an action to recover the value of the

(*b*) See *Thayer* v. *Willett*, (9 *Abb.* 325.)

property, and not merely a suit for a trespass by interfering with it. It would be a complete answer to such an action, to plead and prove a title in the defendant at the time of the commencement of the suit. The defendant offered evidence which would go to such a justification—that is, he offered to show that the plaintiff had no title—and that he, representing a judgment creditor of the person who had the title, was lawfully in possession. The evidence should have been received, and the case should have been sent to the jury upon the question of fraud in the assignment by Weichel to Jacobs.

The verdict is set aside, and a new trial ordered; the costs to abide the event.

[KINGS GENERAL TERM, December 9, 1861. *Emott, Brown* and *Scrugham,* Justices.]