Haight, J.
This action is in replevin to recover the possession of personal property which had been levied on by the defendant as sheriff, by virtue of a warrant of attachment issued in an action wherein Lewis P. Ross was plaintiff, and Henry J. Beck, defendant. It appears that Beck was engaged in the shoe business in the city of Auburn; that in November, 1886, he purchased of Ross a quantity of boots and shoes, amounting to one thousand dollars and upwards on credit; that to induce the credit he stated to *750 Ross that he had accumulated a cash capital in his business- and that the plaintiff Avery had agreed to loan him one thousand dollars, without security, to put into his business-as a working capital; that thereupon Ross wrote to the-plaintiff a letter asking if this statement was true, and received an answer from the plaintiff to the effect that he had agreed to help Beck to the extent of one thousand dollars, and that from the information that he had been able to obtain in reference to his honesty and integrity and ability to pay, that he had much confidence that he could and would make his business successful. Thereupon Ross shipped the bill of goods to Beck. It further appears that-the Bank of Auburn of which the plaintiff was president, loaned Beck the sum of one thousand dollars, and after-wards he gave the bank a mortgage upon his stock of goods in the store, to secure the amount of such loan. It further appeared that Beck rented the store occupied by him of the plaintiff for fifty dollars a month, and ten dollars for heating, payable at the expiration of each month; that he gave the plaintiff his promissory note, dated the 1st day of February, 1887, for two hundred and ninety dollars, payable on demand. The two hundred and ninety dollars was made up of the sixty dollars then due for rent and heating of store for the month of January; fifty dollars for money loaned and the balance was for the rent and heating of the store that was to become due for February, March and April, and that on the 8th day of February, he executed and delivered to the plaintiff a chattel mortgage upon his stock of goods in the store, to secure the payment of this promissory note; that this mortgage was given at the instance of Beck who requested the plaintiff to take immediate possession of the goods, which it is claimed the plaintiff did.
On the sixteenth day of February Ross caused an attachment to be issued in his action against Beck for the price of the goods sold by him, which was delivered to the defendant, who levied upon the goods as the goods of Beck. Upon the trial the court in the first place directed the jury to-render a verdict for the plaintiff, and refused various-requests of the defendant to submit certain questions to the jury, but afterwards the court permitted the defendant to-go to the jury upon the questions that he thought were in the case. The verdict was in favor of the plaintiff.
Inasmuch as no motion for new trial has been made, the exceptions taken upon the -trial present the only questions we are called upon to consider. The plaintiff put in evidence the note for $290 and the chattel mortgage for that amount, and testified in his own behalf that he took possession of the goods mortgaged to him on the same day that the mortgage was given and on the next morning. *751 caused an inventory to be taken; that he immediately put Beck, the mortgagor in charge of the goods, as his agent, with directions to cause the unfinished goods to be finished, to sell the goods that were finished and account to him for the proceeds of the sale; that the goods were taken from him by the defendant on the sixteenth day of February, and that their value as inventoried by the defendant was $1,315.72, and rested.
The defendant then called Beck as a witness ana sought to show by him that he had purchased the goods of Boss upon credit; that he stated to Boss that he had borrowed or was about to borrow $1,000 from the National Bank of, Auburn without security; that he referred Boss to the plaintiff for information as to the statement; that a letter was written to the plaintiff, and the plaintiff’s reply was received as bearing on the question of fraud on the part of the plaintiff in taking the mortgage in question. This evidence was objected to as incompetent and not pleaded.: The objection was sustained and exception taken.
The defendant also asked of the witness Beck if from tne early part of November, 1886, to the 16th day of February, 1887, he supported his family out of the proceeds of the sales in the store. This question was objected to by the plaintiff as immaterial; the objection was sustained and exception taken by the defendant. And, also, the same witness was asked during the period between the 9th day of February and the 17th day of February, 1887, “Did you sell any goods or chattels that were covered by the plaintiff’s mortgage on credit,” with the same objection, ruling and exception.
It is contended on the part of the respondent that this evidence was not comptent for the reason that the answer contained no proper allegations of fraud. The complaint is very brief. It alleges, upon information and belief, “ That on or about the 16th day of February, 1887, he was lawfully possessed of the following described chattels (naming them) of the value of $1,300, then and ever since his property; that on said 16th day of February, 1887, the defendant wrongfully took the said chattels from the plaintiff into his possession and wrongfully detains the same from the plaintiff to his great damage.” Wherefore judgment is demanded in the usual form. The answer contains, first, a general denial, and, second, the allegation that the property in question was seized by the defendant as sheriff by virtue of an attachment issued in the action to which we have already referred, and that the property levied upon was the property of Henry J. Beck, and that any pretended transfer of the goods to the plaintiff was in fraud of creditors and void. It will be observed that the plaintiff’s complaint does *752 not, nor wás it necessary to, state the source of his title or right to possession. Had the complaint set forth the chattel mortgage as the source of his title and right to possession a different question would have been presented. The source of the plaintiff’s title not having been alleged, the defendant was not in position to set forth in his answer the facts showing that the mortgage was fraudulent. He had, by his general denial, denied that the plaintiff was the owner or entitled to the possession, and had alleged the source of his right to make the levy, and under this complaint he had the right to show any facts that would sustain this answer. Ruckman v. Cowell, 1 Com., 505; Jacobs v. Remsen, 35 Barb., 384; Claflin v. Taussig, 7 Hun, 223.
_ It consequently appears to us that the defendant had the right to show that the mortgage upon which the plaintiff relied as the source of his title was fraudulent and void; that it was fictitious in whole or in part, and that it was given for the purpose of defrauding Ross out of .his claim. It is true that Ross’ agent and credit man, Mr. Cordon, was subsequently permitted to testify to the conversation had ¡with Beck at the time the goods were purchased in reference to the representations made, that the plaintiff had agreed to loan a thousand dollars without security, and the correspondence that took place between Ross and the plaintiff, but the jury may not have believed the testimony of Cordon, and the defendant had the right to show these facts by Beck.
He had the right to show if he could by Beck that the plaintiff had in fact agreed to loan him the money without security; that he made that statement to Ross to induce Ross to give him credit; that the loan was in fact made to him by the bank through Avery, its president; that no security was asked for or given at the time of the loan; that he gave the note and chattel mortgage to the plaintiff for a claim fictitious in part, without .any previous request on the part of the plaintiff that he should do so, and procured the plaintiff to take possession of the goods for the purpose of preventing Ross from collecting his claim. It also appears to us that the defendant had the right to show if he could by the witness Beck that there was in fact no change of possession in the goods upon the giving of the chattel mortgage, but that he continued in the possession the same as before, supporting his family out of the proceeds of the sales in the store, giving credit, paying old debts the same as if he was the owner.
For these reasons the judgment should be reversed and a new trial ordered, with costs to abide event.;
Smith, P. J., Barker and Bradley, JJ., concur.